IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 24-cv-02590-PAB

HEIDI C. MORGAN,

    Plaintiff,

v.

PARTNER COLORADO CREDIT UNION,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Notice of Removal of Jefferson County Case 24-cv-30201 and Forthwith Motion for Stay [Docket No. 6] filed by pro se plaintiff Heidi C. Morgan on September 20, 2024.[1]

**I.    BACKGROUND**

In the motion, Ms. Morgan "asks this Court for EMERGENCY RELIEF and STAY OF FORECLOSURE ACTIONS in Jefferson County District Court case 24-CV-30201" because she has evidence of "illegal, illicit and unethical violations of the 5th and 14th amendment[s] with the taking of title results and taxation." Docket No. 6 at 1.[2] Ms. Morgan also cites 28 U.S.C. § 1441, the federal removal statute, and appears to request removal of the state court case into her existing federal case, Case 24-cv-

---

[1] The case was reassigned to the undersigned judge on September 24, 2024. Docket No. 9.

[2] Although the motion does not explicitly request a temporary restraining order or preliminary injunction, the top right corner of the motion, next to the case caption, says "TRO." Docket No. 6 at 1.

02590-PAB.  See id. at 1-2.  The title of Docket No. 6 is, in part, "Notice of Removal." Id. at 1.

Defendant Partner Colorado Credit Union ("PCCU") has not entered an appearance in this case.  There is no indication on the docket that plaintiff has served PCCU and no indication in the motion that plaintiff has notified PCCU of her emergency request for a stay or other injunctive relief.

II.  ANALYSIS

A.  Temporary Restraining Order

To the extent that Ms. Morgan's motion could be construed as a motion for a temporary restraining order ("TRO"), the Court denies that request.  To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); see *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, *LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).  The same

considerations apply to the issuance of a temporary restraining order. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Ms. Morgan's request for a TRO fails to comply with several provisions of the Federal Rules of Civil Procedure and the District of Colorado's Local Rules.[3] First, the Local Rules require a party seeking a TRO to provide notice, or attempt to provide notice, of its motion to the opposing party. Local Rule 65.1 states, in part,

> A [TRO] shall be requested by motion filed separately from the complaint. The motion shall be accompanied by a certificate of counsel or an unrepresented party, stating: (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or (2) the efforts made by the moving party to provide the required notice and documents.

D.C.COLO.LCivR 65.1(a). Second, the Local Rules require that a TRO motion be submitted with a proposed order. D.C.COLO.LCivR 65.1(b). Third, Local Rule 7.1 requires a party to confer before filing motions, including TRO motions. *Vollmer v. Univ. of N. Colorado*, No. 23-cv-02164-PAB-SKC, 2023 WL 5671495, at *1 (D. Colo. Sept. 1, 2023) (collecting cases). Finally, Federal Rule of Civil Procedure 65(b) applies to situations where a plaintiff seeks the issuance of an ex parte TRO. Under that rule, a court may only issue an ex parte TRO if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant

---

[3] Even though Ms. Morgan is proceeding pro se in this case, pro se litigants must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

"certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B).

Ms. Morgan did not file a proposed order or certificate of compliance stating that she has provided copies of all pleadings and documents filed in this action, including her TRO motion, to defendant as required by D.C.COLOLCivR 65.1. The motion does not describe any efforts to confer as required by D.C.COLO.LCivR 7.1(a). Furthermore, the motion appears to request the issuance of an ex parte TRO. *See* Docket No. 6 at 1. However, Ms. Morgan did not file an affidavit or verified complaint "clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and she did not certify in writing "any efforts made to give notice and the reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1)(A)-(B). Accordingly, based on Ms. Morgan's failure to comply with the Local Rules and the Federal Rules of Civil Procedure, the Court will deny the portion of plaintiff's motion seeking an ex parte temporary restraining order. *See Vollmer*, 2023 WL 5671495, at *1 (collecting cases denying TROs based on procedural defects under the Local Rules and the Federal Rules of Civil Procedure).

Even if Ms. Morgan's TRO motion did not have these procedural defects, the requested relief appears to be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "*Rooker-Feldman* prevents federal courts, with the notable exception of the United States Supreme Court, from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

4

of those judgments.'" *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The *Rooker-Feldman* doctrine is "tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court."  *Id*. (citing *Exxon Mobil Corp.*, 544 U.S. at 283; 28 U.S.C. § 1257). The *Rooker-Feldman* doctrine implicates a court's subject matter jurisdiction and applies where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."  *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).  The *Rooker-Feldman* doctrine applies when a litigant's claim seeks to "modify or set aside a state court judgment."  *Graff*, 65 F.4th at 515.

Here, Ms. Morgan asks the Court "for EMERGENCY RELIEF and STAY OF FORECLOSURE ACTIONS in Jefferson County District Court case 24-CV-30201" because she has evidence of "illegal, illicit and unethical violations of the 5th and 14th amendment[s] with the taking of title results and taxation."  Docket No. 6 at 1.  The state court docket in Case No. 24CV030201 in Jefferson County, Colorado shows that District Court Judge Christopher C. Zenisek issued an order on March 15, 2024 authorizing the foreclosure sale of plaintiff's property and closed the case that same day.  *See Partner Colorado Credit Union v. Morgan, et al.*, Case No. 24CV030201.[4]  To date, Ms. Morgan

---

[4] The Court takes judicial notice of the state court docket in Case No. 24CV030201.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting

has filed numerous motions for reconsideration in the state court case. *See id.*[5] To the extent that Ms. Morgan requests that the Court vacate the state court's March 15, 2024 order authorizing the sale of the property, that relief would be barred by the *Rooker-Feldman* doctrine. *See Graff*, 65 F.4th at 515.

Accordingly, the Court denies the portion of the motion requesting a temporary restraining order.

### B. Notice of Removal

To the extent that Docket No. 6 could be construed, in part, as a notice of removal of Jefferson County Case No. 24CV030201, the Court finds that notice is void. Section 1446 of Title 28 governs the procedure for removal of a case from a state court to federal court. That provision provides that a defendant

> desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). By its terms, Section 1446 does not permit a party to an existing federal case to remove a state case into the existing federal case and thereby effectuate some type of consolidation. *See Paralee Boyd Salon, LLC v. COG Studio, LLC*, 2016 WL 5388911, at *1 (E.D. Mich. Sept. 27, 2016) (holding that a notice of

---

that a court may "take judicial notice of documents and docket materials filed in other courts").

[5] In a motion for reconsideration filed in the state court case on September 23, 2024, Ms. Morgan states that the foreclosure sale is "scheduled for September 26, 2024." *See Partner Colorado Credit Union v. Morgan, et al.*, Case No. 24CV030201. The Jefferson County's foreclosure website also indicates that a foreclosure sale is scheduled for September 26, 2024. *See Jefferson Foreclosure Property Search*, https://gts.co.jefferson.co.us/ (last accessed September 25, 2024).

removal was improperly filed because "a case cannot be removed from state court to become part of an already existing federal case"). Accordingly, to the extent that Docket No. 6 attempts to remove Case No. 24CV030201 into this case, the Court finds that the notice of removal is void and without any legal effect.[6]

### III. CONCLUSION

It is therefore

**ORDERED** that the Notice of Removal of Jefferson County Case 24-cv-30201 and Forthwith Motion for Stay [Docket No. 6], construed as a motion for a temporary restraining order, is **DENIED without prejudice**. It is further

**ORDERED** that the portion of Docket No. 6 purporting to be a notice of removal of Jefferson County Case No. 24CV030201 is **void and without legal effect**.

DATED September 25, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[6] Moreover, the state court docket in Case No. 24CV030201 indicates that the case is a Rule 120 proceeding. *See Partner Colorado Credit Union v. Morgan, et al.*, Case No. 24CV030201; *see also* Colo. R. Civ. P. 120(a) (Rule 120 governs the process of seeking a court order "authorizing a foreclosure sale under a power of sale contained in a deed of trust to a public trustee."). Federal courts do "not have jurisdiction over state proceedings under Rule 120." *GMAC Mortg., LLC v. Stoneberg*, No. 12-cv-02662-WYD, 2012 WL 4856728, at *1 (D. Colo. Oct. 11, 2012) (collecting cases). Therefore, even if Ms. Morgan had complied with the removal requirements in 28 U.S.C. § 1446, the Court would lack jurisdiction over the Rule 120 proceedings and such removal would be improper.

7