IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02590-PAB-CYC

HEIDI C. MORGAN,

    Plaintiff,

v.

PARTNER COLORADO CREDIT UNION,

    Defendant.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 35]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 35 at 13 n.4; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 13, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. [2]

### A. Subject Matter Jurisdiction

The magistrate judge finds that there is no basis for subject matter jurisdiction.  Docket No. 35 at 5.  Specifically, he finds that plaintiff's "requests for relief are all based on state law ca[u]ses of action."  *Id.* at 3-4.  The Court agrees with the magistrate judge that, while the complaint cites a "grab bag of federal constitutional provisions," there are no "factual allegations relating to potential causes of action premised on any federal law or statute."  *See id.* at 4.  Plaintiff refers to the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, *see* Docket No. 1 at 2-11, without an explanation of how defendant violated her federal constitutional rights.  Such allegations are not sufficient to support federal question jurisdiction pursuant to 28 U.S.C. 1331.  *See Parker v. WI Waterstone, LLC,* 790 F. App'x 926, 929 (10th Cir. 2019) (unpublished) (holding that pro se plaintiff's "mere use of federal law labels is insufficient to invoke federal question jurisdiction").  "[E]ven pro se plaintiffs . . . bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction."  *Soto v. Kalatzes*, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022).

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

[2] Because plaintiff is proceeding pro se, the Court construes her filings liberally without serving as her advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Accordingly, the Court accepts the magistrate judge's recommendation that plaintiff's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

**B. Plaintiff's Motion for Leave to Amend the Complaint**

The magistrate judge recommends that plaintiff's motion for leave to amend her complaint be denied because amendment would be futile. *See* Docket No. 35 at 9-12. He notes that plaintiff's motion to amend does not comply with the Local Rules of this District, which "alone is a proper basis for denial of the motion to amend." *Id.* at 8 (citing D.C.COLO.LCivR 15.1(b)). The magistrate judge finds that, even if plaintiff's motion did comply with the Local Rules and construing the proposed complaint liberally, amendment would be futile because the proposed complaint does not comply with Fed. R. Civ. P. 8. *Id.* at 9-12. Specifically, he notes that plaintiff "never identifies any action taken by any specific defendant" and that "the specific claim the plaintiff is attempting to assert," as it relates to the state foreclosure proceedings that plaintiff references, "is not clear." *Id.* at 10, 12. The Court agrees that the denial of plaintiff's motion is proper because amendment would be futile based on the proposed complaint's non-compliance with Fed. R. Civ. P. 8. *See Sladek v. Bank of Am., NA,* No. 13-cv-03094-PAB-MEH, 2014 WL 12741033, at *5 (D. Colo. Nov. 5, 2014), *report and recommendation adopted sub nom*. 2015 WL 5047510 (D. Colo. Aug. 25, 2015) (finding that pro se plaintiffs' motion for leave to amend their complaint should be denied because the proposed amendments do not comply with Fed. R. Civ. P. 8); *Jarvis v. Enter. Fleet Servs. & Leasing Co.*, 2008 WL 11367519, at *4 (D. Md. Apr. 3, 2008)

(denying pro so plaintiff's motion for leave to amend his complaint because the proposed complaint did not comply with Fed. R. Civ. P. 8) (collecting cases).[3]

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 35] is **ACCEPTED**.  It is further

**ORDERED** that Defendant, Partner Colorado Credit Union's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 22] is **GRANTED**.  It is further

**ORDERED** that the Motion for Leave to Amend Complaint [Docket No. 26] is **DENIED**.  It is further

**ORDERED** that plaintiff's claims against defendant are **DISMISSED without prejudice**.  It is further

---

[3] Because the Court finds that plaintiff's proposed amended complaint is futile pursuant to Fed. R. Civ. P. 8, the Court will not reach the magistrate judge's finding that amendment would be futile because plaintiff's claims are barred by res judicata.  See Docket No. 35 at 12; see also Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, 564 F. App'x 345, 347 (10th Cir. 2014) (unpublished) ("when all relevant facts are shown by the court's own records, of which the court takes notice, the [res judicata] defense may be upheld on a Rule 12(b)(6) motion without requiring an answer") (citation omitted); Rose v. Utah State Bar, 471 F. App'x 818, 820 (10th Cir. 2012) (unpublished) (holding that the district court was permitted to take judicial notice of documents filed in state court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss without converting the motion to dismiss to one for summary judgment).

**ORDERED** that this case is closed.

DATED August 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge